# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ISMAIL AGHDAM, an individual, and dba STARS ELECTRIC,<br><br>　　　　Defendant. | CASE NO. 10CV0789-LAB (NLS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Now pending before the Court is Plaintiffs' motion for a default judgment. The case took somewhat of a turn when, after not responding to the complaint or contesting the entry of default, the Defendant appeared in Court on September 13, 2010 to contest the default judgment motion, which the Court had taken under submission on September 9. The Court subsequently accepted certain papers the Defendant brought with him as an opposition brief, and it allowed Plaintiffs to file a reply.

The Court would be a true stickler for procedural rules were it to enter a judgment for $40,224.10 in Plaintiffs' favor, even though Defendant has now appeared and even though he sincerely believes he has a defense to Plaintiffs' claims. The Court declines to enter a default judgment in this case. Default judgments are generally disfavored given the strong interest in deciding a case on the merits. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

Moreover, the Defendant did make an earnest, albeit imperfect, to show up in court and stand up for himself. Finally, the Defendant appears to neither speak nor read English, and understandably isn't familiar with the legal procedures involved in responding to a complaint or opposing a default judgment motion.

That's no excuse, of course, for his failure to respond in a timely manner to the complaint, the entry of default, and the default judgment motion. But it is enough to carry this case forward and put the Defendant on official notice that unless he properly defends this case a default judgment *will* be entered against him. The Defendant is therefore advised of the following.

First, under Rule 12 of the Federal Rules of Civil Procedure he has 21 days from the date he is served with a complaint to file a responsive pleading. He failed to file a responsive pleading on time and has still not done so.

Second, the papers Defendant filed with the Court in opposition to the default judgment motion are inadequate — both as a defense to a default judgment and as a response to the Plaintiffs' complaint. It is not the Court's job to piece together a party's defense to a legal action based on exhibits.

Third, Defendant is strongly advised to consult and hire an attorney.

Plaintiffs' motion for default judgment is **DENIED**. Now that the Defendant has appeared and the Court has an address for him, he is expected to defend this case. The Court will allow him 21 days from the date this order is entered to file a responsive pleading. If he fails to do so, Plaintiffs may renew their default judgment motion.

**IT IS SO ORDERED**.

DATED: September 28, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge